BONIN, J.,
concurs with reasons.
hi concur in the reversal of the judgment because there was insufficient evi-dentiary support for the specifics of the ruling. On remand, the parties should be required to produce evidence so that the trial judge could determine (1) what are “reasonable charges and fees” for the services provided by the hospital to Mr. Armstrong, taking into consideration inter alia customary reductions for payments by insurers, (2) what is the total amount of Mr. *898 Armstrong’s general and special damages sustained as a result of the accident, and whether the tortfeasor (and insurers) would have been entitled to a reduction of that amount due to the compared fault of Mr. Armstrong, (3) what is the ratio of the past and future medical specials to the total of the general and special damages, (4) what was the total amount of liability and UM insurance recoverable by Mr. Armstrong, and (5) the total amount of “med pay” insurance recoverable by Mr. Armstrong. Once there is an evidentiary basis for these decisions, the trial judge should proceed to determine the amount of the hospital’s statutory lien which may only be satisfied out the amount of the available med pay insurance (after attorney’s fees) and from the portion of the net recovery attributable to special medical damages. The statutory lien, being accessory, cannot exceed the amount which Mr. Armstrong recovered for that item of damage.
McKAY, C. J., dissents for the reasons assigned by Judge BAGNERIS.